IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. __8:08-628__ |
| | ) | 8 U.S.C. § 1326(a) |
| vs. | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 922(g)(1) |
| **HOWARD STIWINTER** | ) | 18 U.S.C. § 922(g)(5)(A) |
| **PHILLIP GERRAD RUCKER** | ) | 18 U.S.C. § 924(a)(2) |
| **STEVEN LEE BASQUETTE,** | ) | 18 U.S.C. § 924(c)(1)(A) |
| a/k/a "Bisquit" | ) | 18 U.S.C. § 924(d) |
| **RANDALL D. HUNSINGER** | ) | 18 U.S.C. § 924(e) |
| **WILLIE RAY HESTER, JR.** | ) | 18 U.S.C. § 981(a)(1)(C) |
| **JONATHAN MATTHEW PEACE** | ) | 18 U.S.C. § 982(a)(1) |
| **TERENCE BERTREND BROWN** | ) | 18 U.S.C. § 1956(a)(1)(A)(I) |
| **MICHAEL WILLIAM LOFTIS** | ) | 18 U.S.C. § 1956(a)(1)(B)(I) |
| **GEORGE ROBERT DRIVER** | ) | 18 U.S.C. § 1957 |
| **HECTOR MORALES REYES** | ) | 21 U.S.C. § 841(a)(1) |
| **JOSE ALBERTO PADRON,** | ) | 21 U.S.C. § 841(b)(1)(B) |
| a/k/a "Mirio Alberto Lopez", | ) | 21 U.S.C. § 841(b)(1)(C) |
| a/k/a "Beto" | ) | 21 U.S.C. § 841(b)(1)(D) |
| **FRANCISCO LOPEZ,** | ) | 21 U.S.C. § 843(b) |
| a/k/a "Francisco Gonzalez" | ) | 21 U.S.C. § 846 |
| **JOSE FELIX LUCIO-HERNANDEZ** | ) | 21 U.S.C. § 853 |
| **JAIME PADRON-YANEZ** | ) | 21 U.S.C. § 881 |
| **JACK GILLIAM,** | ) | 28 U.S.C. § 2461(c) |
| a/k/a "Destripador" | ) | |
| **TEDDY SINGLETON WESTBROOKS** | ) | |
| | ) | **SECOND SUPERSEDING** |
| | ) | **INDICTMENT** |

## COUNT 1

THE GRAND JURY CHARGES:

That beginning in or around September of 2007, and continuing thereafter, up to and including the date of this Second Superseding Indictment, in the District of South Carolina and elsewhere, the Defendants, **HOWARD STIWINTER, PHILLIP GERRAD RUCKER, STEVEN**

LEE BASQUETTE, a/k/a "Bisquit", RANDALL D. HUNSINGER, WILLIE RAY HESTER, JR., JONATHAN MATTHEW PEACE, TERENCE BERTREND BROWN, MICHAEL WILLIAM LOFTIS, GEORGE ROBERT DRIVER, HECTOR MORALES REYES, JOSE ALBERTO PADRON, a/k/a "Mirio Alberto Lopez", a/k/a "Beto", FRANCISCO LOPEZ, a/k/a "Francisco Gonzalez", JOSE FELIX LUCIO-HERNANDEZ, JAIME PADRON-YANEZ, JACK GILLIAM, a/k/a "Destripador", and TEDDY SINGLETON WESTBROOKS, knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the grand jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, said conspiracy involving 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 100 kilograms or more of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 841(b)(1)(D);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about February 13, 2008, in the District of South Carolina, the Defendant, **HOWARD STIWINTER**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNTS 3-16

THE GRAND JURY FURTHER CHARGES:

That on or about the dates set forth below, in the District of South Carolina and elsewhere, the defendants listed below knowingly and intentionally did use a communication facility, that is, a telephone, to facilitate the commission of a felony under the Controlled Substances Act, to wit: conspiracy to distribute, possession with intent to distribute, and distribution of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and did aid and abet each other in the commission of the aforementioned offenses;

| COUNT | DATE    | DEFENDANTS                                                       |
|-------|---------|------------------------------------------------------------------|
| 3     | 4/28/08 | HOWARD STIWINTER<br>PHILLIP GERRAD RUCKER                        |
| 4     | 5/08/08 | HOWARD STIWINTER<br>STEVEN LEE BASQUETTE,<br>a/k/a "Bisquit"     |
| 5     | 5/16/08 | HOWARD STIWINTER<br>RANDALL D. HUNSINGER                         |
| 6     | 5/20/08 | HOWARD STIWINTER<br>WILLIE RAY HESTER, JR.                       |
| 7     | 5/28/08 | HOWARD STIWINTER<br>JONATHAN MATTHEW PEACE                       |
| 8     | 5/28/08 | HOWARD STIWINTER                                                 |
| 9     | 6/01/08 | HOWARD STIWINTER<br>TERENCE BERTREND BROWN                       |
| 10    | 6/02/08 | HOWARD STIWINTER<br>MICHAEL WILLIAM LOFTIS                       |

| | | |
|---|---|---|
| 11 | 6/10/08 | **HOWARD STIWINTER**<br>**GEORGE ROBERT DRIVER** |
| 12 | 6/14/08 | **HOWARD STIWINTER**<br>**JOSE ALBERTO PADRON,**<br>a/k/a "Mirio Alberto Lopez",<br>a/k/a "Beto" |
| 13 | 6/14/08 | **JOSE ALBERTO PADRON,**<br>a/k/a "Mirio Alberto Lopez",<br>a/k/a "Beto"<br>**HECTOR MORALES REYES** |
| 14 | 6/18/08 | **JOSE ALBERTO PADRON,**<br>a/k/a "Mirio Alberto Lopez",<br>a/k/a "Beto"<br>**FRANCISCO LOPEZ,**<br>a/k/a "Francisco Gonzalez" |
| 15 | 6/30/08 | **JOSE ALBERTO PADRON,**<br>a/k/a "Mirio Alberto Lopez",<br>a/k/a "Beto"<br>**JAIME PADRON-YANEZ** |
| 16 | 6/30/08 | **JOSE ALBERTO PADRON,**<br>a/k/a "Mirio Alberto Lopez",<br>a/k/a "Beto"<br>**JACK GILLIAM,**<br>a/k/a "Destripador" |

All in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## COUNT 17

THE GRAND JURY FURTHER CHARGES:

That on or about July 2, 2008, in the District of South Carolina, the Defendant, **HOWARD STIWINTER**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm and ammunition, that is, a Taurus .45 caliber pistol and .45 caliber ammunition, all of which had been shipped and transported in interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

## COUNT 18

THE GRAND JURY FURTHER CHARGES:

That on or about July 2, 2008, in the District of South Carolina, the Defendant, **HOWARD STIWINTER**, knowingly, intentionally and unlawfully did possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a quantity of marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 841(b)(1)(D).

## COUNT 19

THE GRAND JURY FURTHER CHARGES:

That on or about July 2, 2008, in the District of South Carolina, the Defendant, **HOWARD STIWINTER,** knowingly used and carried a firearm during and in relation to, and possessed the firearm in furtherance of a drug trafficking crime, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 20

THE GRAND JURY FURTHER CHARGES:

That in or about June 2008, in the District of South Carolina, the Defendant, **HOWARD STIWINTER**, knowingly, willfully and intentionally did conduct and attempt to conduct a financial transaction affecting interstate commerce, which involved the proceeds of specified unlawful activity, that is, the illegal distribution of controlled substances, with the intent to promote the carrying on of the specified unlawful activity; and further that while conducting and attempting to conduct such financial transactions, the Defendant, **HOWARD STIWINTER**, knew that the property involved in the transactions represented the proceeds of some form of unlawful activity, in that Defendant, **HOWARD STIWINTER**, used profits from his ongoing drug distribution business to purchase two pounds of a mixture or substance containing a detectible amount of methamphetamine for $48,000.

In violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNT 21

THE GRAND JURY FURTHER CHARGES:

That on or about July 2, 2008, in the District of South Carolina, the Defendant, **STEVEN LEE BASQUETTE, a/k/a "Bisquit,"** having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, firearms and ammunition, that is, a Smith and Wesson .38 caliber revolver, a Remington 12 gauge shotgun, a Winchester 12 gauge shotgun, a Smith and Wesson .40 caliber pistol, a Smith and Wesson .22 caliber pistol, a Stevens .22 caliber rifle, a Remington .22 caliber rifle, a Ruger .22 caliber rifle, .38 caliber ammunition, 12 gauge ammunition, .40 caliber ammunition, and .22 caliber ammunition, all of which had been shipped and transported in interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

## COUNT 22

THE GRAND JURY FURTHER CHARGES:

That on or about July 2, 2008, in the District of South Carolina, the Defendant, **STEVEN LEE BASQUETTE, a/k/a "Bisquit,"** knowingly used and carried a firearm during and in relation to, and possessed the firearm in furtherance of a drug trafficking crime, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 23

THE GRAND JURY FURTHER CHARGES:

That on or about July 2, 2008, in the District of South Carolina, the Defendant, **STEVEN LEE BASQUETTE, a/k/a "Bisquit,"** knowingly, intentionally and unlawfully did possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

## COUNT 24

THE GRAND JURY FURTHER CHARGES:

That on or about July 2, 2008, in the District of South Carolina, the Defendant, **WILLIE RAY HESTER, JR.,** knowingly, intentionally and unlawfully did possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 25

THE GRAND JURY FURTHER CHARGES:

That on or about July 2, 2008, in the District of South Carolina, the Defendant, **WILLIE RAY HESTER, JR.,** knowingly used and carried a firearm during and in relation to, and possessed the firearm in furtherance of a drug trafficking crime, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 26

THE GRAND JURY FURTHER CHARGES:

That on or about July 2, 2008, in the District of South Carolina, the Defendant, **JONATHAN MATTHEW PEACE,** having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm and ammunition, that is, a Walther .22 caliber pistol and .22 caliber ammunition, all of which had been shipped and transported in interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

## COUNT 27

THE GRAND JURY FURTHER CHARGES:

That on or about July 2, 2008, in the District of South Carolina, the Defendant, **JONATHAN MATTHEW PEACE,** knowingly, intentionally and unlawfully did possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance,;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 28

THE GRAND JURY FURTHER CHARGES:

That on or about July 2, 2008, in the District of South Carolina, the Defendant, **JONATHAN MATTHEW PEACE,** knowingly used and carried a firearm during and in relation to, and possessed the firearm in furtherance of a drug trafficking crime, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 29

THE GRAND JURY FURTHER CHARGES:

That on or about July 17, 2008, in the District of South Carolina, the Defendant, **GEORGE ROBERT DRIVER,** having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm and ammunition, that is, a Taurus .40 caliber pistol and .40 caliber ammunition, all of which had been shipped and transported in interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

## COUNT 30

THE GRAND JURY FURTHER CHARGES:

That on or about July 2, 2008, in the District of South Carolina, the Defendant, **HECTOR MORALES REYES,** being an alien illegally and unlawfully in the United States, knowingly did possess in and affecting commerce firearms and ammunition, that is, a Sten 9mm pistol, a Colt .38 caliber pistol, a Mossberg 12 gauge shotgun, a Ruger .22 rifle, a Smith and Wesson 12 gauge shotgun, a Colt .45 caliber pistol, a Jennings .22 caliber pistol, a Stallard Arms 9mm pistol, 9mm ammunition, .38 caliber ammunition, .40 caliber ammunition, .45 caliber ammunition, .22 caliber ammunition, and 12 gauge ammunition, all of which had been shipped and transported in interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 922(g)(5)(A), 924(a)(2) and 924(e).

## COUNTS 31 and 32

THE GRAND JURY FURTHER CHARGES:

That on or about the dates set forth below, in the District of South Carolina, the Defendant, **HECTOR MORALES REYES**, as a principal and as an aider and abettor knowingly, willfully and intentionally did conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of specified unlawful activity, that is, the illegal distribution of controlled substances, with the knowledge that the transactions described herein were designed in whole and in part to conceal and disguise the nature, source, ownership, and control of the proceeds of said specified unlawful activity; and further that while conducting and attempting to conduct such financial transactions, the Defendant, **HECTOR MORALES REYES**, knew that the property involved in the transactions represented the proceeds of some form of unlawful activity, in that

Defendant, **HECTOR MORALES REYES**, used profits from his ongoing drug distribution business to purchase two vehicles from separate automobile dealerships and titled them in the name of third parties to hide the true ownership of the vehicles in the Anderson, South Carolina area as detailed below:

| COUNT | DATE | NATURE OF TRANSACTION |
|---|---|---|
| 31 | December 20, 2007 | Purchase of a 2003 Hummer vehicle for $28,434 in United States currency from Big Hearted Bob's, Inc., located in Anderson, South Carolina; with said vehicle titled in the name of a third party. |
| 32 | May 2008 | Purchase of a 2001 GMC Yukon Denali for a total of $18,700 paid in two separate installments from Executive Auto Brokers located in Anderson, South Carolina; with said vehicle titled in the name of a third party. |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT 33

THE GRAND JURY FURTHER CHARGES:

That on or about December 20, 2007, the Defendant, **HECTOR MORALES REYES**, as both a principal and as an aider and abettor, knowingly did engage and attempt to engage in a monetary transaction affecting interstate commerce in criminally derived property of a value of greater than $10,000.00, such property having been derived from illegal distribution of controlled substances, a specified unlawful activity, in that on that date, **HECTOR MORALES REYES**, gave a third party $28,434 in United States currency and instructed the aforesaid third party to purchase a 2003 Hummer vehicle in Anderson, South Carolina, and title said vehicle in the third party's name.

All in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT 34

THE GRAND JURY FURTHER CHARGES:

That on or about July 2, 2008, in the District of South Carolina, the Defendant, **JOSE ALBERTO PADRON, a/k/a "Mirio Alberto Lopez", a/ka "Beto"**, being an alien illegally and unlawfully in the United States, knowingly did possess in and affecting commerce firearms and ammunition, that is, a Colt .223 caliber rifle, a Colt .38 caliber pistol, a Colt MK IV .38 caliber pistol, a Marlin .22 caliber rifle, a Norinco SKS 7.62x39 caliber rifle, .223 ammunition, .38 caliber ammunition, and 7.62x39 ammunition, all of which had been shipped and transported in interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 922(g)(5)(A), 924(a)(2) and 924(e).

## COUNT 35

THE GRAND JURY FURTHER CHARGES:

That on or about July 2, 2008, in the District of South Carolina, the Defendant, **JOSE FELIX LUCIO-HERNANDEZ,** being an alien illegally and unlawfully in the United States, knowingly did possess in and affecting commerce, ammunition, that is, Remington 16 gauge ammunition, which had been shipped and transported in interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 922(g)(5)(A), 924(a)(2) and 924(e).

## COUNT 36

THE GRAND JURY FURTHER CHARGES:

That on or about July 2, 2008, in the District of South Carolina, the Defendant, **JOSE FELIX LUCIO-HERNANDEZ**, an alien, having been deported on or about October 31, 1997, knowingly and unlawfully did enter and was found in the United States of America, not having obtained the express consent of the Attorney General or his successor, the Secretary for Homeland Security, to reapply for admission thereto;

In violation of Title 8, United States Code, Section 1326(a).

## COUNT 37

THE GRAND JURY FURTHER CHARGES:

That on or about May 10, 2008, in the District of South Carolina, the Defendant, **GEORGE ROBERT DRIVER**, knowingly used and carried a firearm during and in relation to, and possessed the firearm in the furtherance of a drug trafficking crime, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).

## COUNT 38

THE GRAND JURY FURTHER CHARGES:

That on or about May 10, 2008, in the District of South Carolina, the Defendant, **GEORGE ROBERT DRIVER**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in an affecting commerce, a firearm and ammunition, that is, a .9mm revolver and .9mm ammunition, all of which had been shipped and transported in interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

## COUNT 39

THE GRAND JURY FURTHER CHARGES:

That on or about June 11, 2008, in the District of South Carolina and elsewhere, the Defendants, **JOSE ALBERTO PADRON, a/k/a "Mirio Alberto Lopez", a/k/a "Beto",** and **TEDDY SINGLETON WESTBROOKS**, knowingly and intentionally did use a communication facility, that is, a telephone, to facilitate the commission of a felony under the Controlled Substances Act, to wit: conspiracy to distribute, possession with intent to distribute, and distribution of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and did aid and abet each other in the commission of the aforementioned offenses;

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

# **FORFEITURE**

1. <u>DRUG-TRAFFICKING OFFENSES:</u>

   A. Upon conviction for one or more felony violations of Title 21, United States Code, Sections 846, 841(a)(1) and 843(b), as charged in this Second Superseding Indictment, the Defendants, **HOWARD STIWINTER, PHILLIP GERRAD RUCKER, STEVEN LEE BASQUETTE, a/k/a "Bisquit", RANDALL D. HUNSINGER, WILLIE RAY HESTER, JR., JONATHAN MATTHEW PEACE, TERENCE BERTREND BROWN, MICHAEL WILLIAM LOFTIS, GEORGE ROBERT DRIVER, HECTOR MORALES REYES, JOSE ALBERTO PADRON, a/k/a "Mirio Alberto Lopez", a/k/a "Beto", FRANCISCO LOPEZ, a/k/a "Francisco Gonzalez", JOSE FELIX LUCIO-HERNANDEZ, JAIME PADRON-YANEZ, JACK GILLIAM, a/k/a "Destripador",** and **TEDDY SINGLETON WESTBROOKS**, shall each forfeit to the United States all of the defendants' right, title and interest in and to any property, real and personal,

   (1)   constituting, or derived from any proceeds the defendants obtained, directly or indirectly, as the result of such violations, and all property traceable thereto;

   (2)   used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations; and,

   (3)   any firearm and ammunition (as defined in 18 U.S.C. § 921) used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable thereto.

2. <u>MONEY LAUNDERING</u>

Upon conviction for one or more felony violations of Title 18, United States Code, Sections 1956 and 1957 (money laundering), as charged in the Second Superseding Indictment, the Defendants,

**HOWARD STIWINTER and HECTOR MORALES REYES**, shall forfeit to the United States any property, real or personal, involved in such offenses, or any property traceable to such property;

3. PROPERTY

A. Pursuant to Title 18, United States Code, Sections 924(d), and 981(a)(1)(C), and 982(a)(1), Title 21, United States Code, Sections 853, 881, and Title 28, United States Code, Section 2461(C), property subject to forfeiture upon conviction of the defendants for the offense charged in this Second Superseding Indictment includes, but is not limited to, the following:

(1) CASH / MONEY JUDGMENT:
A minimum of approximately $1,000,000.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in the aggregate constitutes proceeds the defendants obtained directly or indirectly as the result of such violations of Title 21, United States Code, or used to facilitate such offenses, including, but not limited to, the following:

(2) $103,763.00 in U.S. Currency
(Seized from Howard Stiwinter)

(3) $109,020.00 in U. S. Currency
(Seized from Steven L. Basquette)

(4) $2,495.00 in U. S. Currency
(Seized from Willie Ray Hester, Jr.)

(5) $1,942.00 in U.S. Currency
(Seized from Jonathan Matthew Peace)

(6) $4,124.00 in U. S. Currency
(Seized from Phillip Gerrad Rucker)

(7) $61,000.00 in U. S. Currency
(Seized from Jaime Padron Yanez)

(8) VEHICLES

a. 2003 Hummer H2 SUV
Vin: 5GRGN23U33H106991
Seized From: (REYES)

    b.    2001 GMC Denali SUV
           Vin: 1GKFK66UX1J252016
           Seized From: (REYES)

    c.    2001 Chevy Truck
           Vin:1GCCS14541K141923
           Seized From: (YANEZ)

    d.    2004 Ford F-150
           Vin: 1FRTX14W45FA35359
           Seized From: (STIWINTER)

    e.    1998 Dodge Truck
           Vin: 3B7HC13Y1WG175153
           Seized from: (BASQUETTE)

    f.    1997 Harley Davidson M/C
           Vin: 1HD1BRL17VY022446
           Seized From: (STIWINTER)

    g.    2000 Harley Davidson M/C
           Vin: 1HD1BMY17YY071792
           Seized From: (BASQUETTE)

    h.    1994 Ford Mustang
           Vin:1FALP42T7RF103519
           Seized from: (BASQUETTE)

    i.    2000 Ford Mustang
           Vin: 1FAFP42X6YF151446
           Seized from: (BASQUETTE)

    j.    "Carry-On" Enclosed Trailer
           Vin: 4YMCL12147G076898
           Seized from: (BASQUETTE)

(9)    <u>REAL PROPERTY</u>

All right, title and interest of the defendants, in and to certain real properties, together with all improvements thereon and with all rights and easements appertaining, including, but not limited to the following:

    (a)    104 Vicki Court, Anderson, South Carolina 29624

    (b)    108 Vicki Court, Anderson, South Carolina 29624

    (c)    727 Little Mountain Road, Anderson, South Carolina 29624

(10) FIREARMS/AMMUNITION

    (a) Taurus .45 caliber pistol
    (b) Smith and Wesson .38 caliber revolver,
    (c) Remington 12 gauge shotgun,
    (d) Winchester 12 gauge shotgun,
    (e) Smith and Wesson .40 caliber pistol
    (f) Smith and Wesson .22 caliber pistol
    (g) Stevens .22 caliber rifle
    (h) Remington .22 caliber rifle
    (I) Ruger .22 caliber rifle
    (j) Walther .22 caliber pistol
    (k) Ruger .9mm caliber revolver
    (l) Sten 9mm pistol
    (m) Colt .38 caliber pistol
    (n) Ruger .22 rifle
    (o) Colt .45 caliber pistol
    (p) Jennings .22 caliber pistol
    (q) Stallard Arms 9mm pistol,
    (r) Sten 9mm pistol
    (s) Colt .223 caliber rifle
    (t) Colt MK IV .38 caliber pistol
    (u) Marlin .22 caliber rifle
    (v) Norinco SKS 7.62x39 caliber rifle
    (w) .38 caliber ammunition, 12, gauge ammunition, .40 caliber ammunition, .22 caliber ammunition, and .38 caliber ammunition, .22 caliber ammunition, 9mm ammunition, .45 caliber ammunition, and 12 gauge ammunition, .223 ammunition, 7.62x39 ammunition

2. SUBSTITUTION OF ASSETS:

A. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendants up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 21, United States Code, Sections 853 and 881, Title 18, United States Code, Sections 924(d), 981(a)(1)(C), 982(a)(1) and Title 28, United States Code, Section 2461(c).

A *True* Bill

**REDACTED**
**REDACTED**
FOREPERSON

W. WALTER WILKINS   (ALC/jw)
UNITED STATES ATTORNEY